UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Vincent D. McElroy, | ) | C/A No.4:15-381-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| QHG of South Carolina, Inc., d/b/a | ) | |
| Carolinas Hospital System, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

On May 23, 2014, Plaintiff filed suit in the Court of Common Pleas of Florence County, South Carolina, against Defendant QHG of South Carolina, Inc., d/b/a Carolinas Hospital System ("Defendant"), his former employer. State Court Civil Action No. 2014-CP-21-1381. Original Compl., ECF No. 9-2. Defendant removed this matter subsequent to Plaintiff's filing an Amended Complaint in the state-court action. ECF No. 1. This matter is before the court on Plaintiff's Motion to Remand, ECF No. 9. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C.[1] Having reviewed the pleadings, including Defendant's removal documents, and the

---

[1] The Fourth Circuit has not directly addressed the question of whether consideration of remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, regarding remand. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is

memoranda of the parties supporting and opposing the Motion, the undersigned recommends Plaintiff's Motion to Remand be granted and this matter remanded to the Court of Common Pleas for Florence County.

I.   Background

In considering Plaintiff's Motion for Remand, the following dates and information are instructive:

<u>May 28, 2013</u>:   Plaintiff's employment with Defendant was terminated. *See* Orig Compl. ¶¶ 14-15, Am. Compl. ¶¶ 14-15.

<u>March 7, 2014</u>:   Plaintiff signed formal Charge of Discrimination with Equal Employment Opportunity Commission ("EEOC"), noting discrimination claims based on sex, age, and disability, as well as retaliation. Charge, ECF No. 23-1 at 3.

<u>May 23, 2014</u>:   Plaintiff filed state-court action. Original Compl., ECF No. 9-2. The Complaint labeled the matter an "Employment Case" and included two causes of action: 1) retaliation in violation of South Carolina Code Section 41-1-80 (regarding workers' compensation claims); and 2) interference and retaliation in violation of the Family Medical Leave Act ("FMLA"). *Id.*

<u>July 7, 2014</u>:   Defendant filed an answer to the original Complaint in state court. ECF No. 9-3.

<u>December 8, 2014</u>:   Plaintiff filed an Amended Complaint that included the following causes of action: 1) retaliation in violation of South Carolina workers' compensation law; 2) interference and violation of the FMLA; 3) Title VII disability discrimination; 4) Title VII gender discrimination; and 5) Americans with Disabilities Act, as amended ("ADAAA") retaliation and coercion. Am. Compl., ECF No. 1-1.

<u>January 13, 2015</u>:   Defendant accepted service of the Amended Complaint. Not. Removal ¶ 2, ECF No. 1.

---

the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

<u>January 27, 2015</u>:    Defendant removed the matter to this court, and filed an answer to the Amended Complaint the following day. ECF Nos. 1, 4.

<u>February 25, 2015</u>:   Plaintiff filed the instant Motion to Remand.

II.    Analysis

Plaintiff submits remand is required because Defendant waived its right to remove this matter to federal court when it did not timely remove the removable original Complaint. Defendant does not contend the original Complaint had not been removable and concedes it did not timely remove the original Complaint. Rather, Defendant argues its right to remove was "revived" when Plaintiff filed the Amended Complaint, as it "add[ed] claims that so change[d] the character of the litigation[.]" Def.'s Mem. 1, ECF No. 22.

  A.    Removal Requirements and the "Revival Doctrine"

The general requirements for removal are outlined in 28 U.S.C. ¶ 1441(a). The removal statute provides in relevant part:

> (a) [A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). The party seeking removal bears the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994). "In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941).

Pursuant to 28 U.S.C. § 1446, [t]he notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for

relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). Section 1446(b) continues:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Although the undersigned is aware of no decision of the Fourth Circuit Court of Appeals on this point,[2] some courts have recognized a narrow exception to the 30-day limitation that allows removal of a civil action beyond the 30-day limitation when "the complaint is amended so *substantially* as to alter the character of the action and constitute essentially a new lawsuit." *Johnson v. Heublein Inc.,* 227 F.3d 236, 241 (5th Cir. 2000) (emphasis added); *see also Wilson v. Intercollegiate (Big Ten) Conference Athletic Ass'n,* 668 F.2d 962, 965 (7th Cir. 1982), *cert. denied* 459 U.S. 831 (1982), (quoting *Fletcher v. Hamlet,* 116 U.S. 408, 410 (1886)) ("The courts . . . have read into the [removal] statute an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'"); *Paraclete Aero, Inc. v. Protective Products Enters., LLC*, No. 1:13CV325, 2013 WL 6070377, at *1 (M.D.N.C. Nov. 18, 2013) (collecting cases and discussing revival doctrine); *see also Srsen v. State Farm Mut. Auto. Ins. Co.*, No. C14-5676 RBL, 2014 WL 6071437, at *1 (W.D. Wash. Nov. 13, 2014) (noting revival exception to be "little-used and hard-to-define" and declining to apply it to case).

In addition, the Seventh Circuit Court of Appeals also noted the revival doctrine could be appropriate when a plaintiff seeks to "mislead the defendant about the true nature of his suit and

---

[2] Nothing in this Report and Recommendation is intended to offer an opinion as to whether the Fourth Circuit Court of Appeals would (or would not) adopt the so-called revival doctrine.

thereby dissuade him from removing it" by including "an inconsequential but removable federal count unlikely to induce removal" in the initial complaint and "then, after the time for removal had passed without action by the defendant, amend[ing] the complaint to add the true and weighty federal grounds that he had been holding back." *Wilson,* 668 F.2d at 965. "Mindful of these considerations, courts have limited revival to cases in which the amended complaint so *radically alters* the basic character of the litigation that denying the defendant the right to removal would be *patently unfair.*" *Miller v. Martin,* Civ. A. No. C-87-226-G, 1987 WL 46753, at *3 (M.D.N.C. July 20, 1987) (emphasis added); *MG Bldg. Materials, Ltd. v. Paychex, Inc.,* 841 F. Supp. 2d 740, 748 (W.D.N.Y. 2012) (applying "revival exception" and denying remand when the cause of action "morphed into a class action, potentially involving thousands of class members across the country, while the damage claims [grew] to a whopping $15 billion, an increase of over nine million percent."); *Craig Food Indus., Inc. v. Taco Time Int'l, Inc.,* 469 F. Supp. 516, 521 (D. Utah 1979) (noting amended complaint "stated a claim arising under federal law, thereby providing a new basis for removal" although the case was originally removable under diversity jurisdiction).

      B.     The Revival Doctrine Does Not Render Defendant's Removal Appropriate

Here, Defendant submits it removed the matter after being served with the Amended Complaint and "evaluat[ing] the changed character of the suit[,]" and argues its right to removal was revived by Plaintiff's filing the Amended Complaint. Def.'s Mem. 2.[3] Noting there is no Fourth Circuit Court of Appeals precedent, Defendant supports its argument by looking to a factor-based analysis set out by a district court in North Carolina, *Miller v. Martin,* 1987 WL

---

[3] Defendant does not "cast any aspersions on Plaintiff's motives," Def.'s Mem. 5, so the court need not discuss that portion of the revival doctrine herein.

46753, at *3. Plaintiff responded to the factor-based analysis in his Reply, ECF No. 23, and the undersigned uses the *Miller* factors as an analytical framework.

In *Miller*, the court considered the following factors:

(1) the extent to which the additional claims are based on newly discovered facts, as opposed to facts contained in the original complaint; (2) the extent to which the case has proceeded at the state level; (3) the extent to which state-law is embedded or dominant in the claims and defenses in the case; (4) the increase in potential liability occasioned by the additional claims; (5) indications that plaintiff intentionally sought to mislead the defendant into waiving its right to removal; and (6) whether the additional claims provide a new basis for removal, such as the addition of a federal claim to a case that was initially removable based only on diversity jurisdiction.

*Miller,* 1987 WL 46753, at *3.  Having considered the factors in *Miller* to the extent applicable to this matter, the undersigned finds that such factors weigh in favor of remand.

Regarding the first factor, Defendant points to additional facts included in the Amended Complaint that were not in the original Complaint. Def.'s Mem. 4. These facts concern Plaintiff's new allegations under the ADA and ADAA. *Id.* (citing Am. Compl. ¶¶ 35, 37, 45, 46, and 47). However, as Plaintiff pointed out, Defendant was on notice that Plaintiff had filed a charge with the EEOC that included an ADA claim by the time Plaintiff's EEOC charge was filed in March 2014. Plaintiff's initial Complaint was not filed in state court until two months later. Defendant was already sufficiently aware of the potential of an ADA claim, as well as other federal-law-based employment claims when the decision was made not to remove the removable initial Complaint.

In addressing the second factor—the extent to which the case has proceeded in state court—Defendant submits that little discovery has been completed in state court and no discovery that has taken place would need to be repeated, meaning removal will not impact

judicial economy. Def.'s Mem. 4. Plaintiff does not dispute Defendant's characterization of the state of discovery. This factor lends little to the court's analysis.

The third factor examines the "extent of federal claims," and Defendant accurately notes the Amended Complaint contains more federal-law-based claims (four) than state-law-based claims (one). Def.'s Mem. 4. Plaintiff agrees, but argues the four-to-one ratio is "not compelling" because the initial Complaint had a one-to-one ratio. Pl.'s Mem. 4. The court considers this point in connection with the other factors.

Defendant submits the fourth factor tips the balance toward removal because the additional discrimination and retaliation claims "subject the Defendant to a much higher likelihood of potential liability [and] open the door for additional claims for damages and make more possible a verdict against Defendant." Def.'s Mem. 22. In response, Plaintiff submits the argument regarding more potential liability is "speculative" and the additional-damages argument is undercut because the initial FMLA claim shares "almost identical damage limitations" as the Title VII and ADA claims. Pl.'s Mem. 4. The undersigned notes that the additional causes of action could arguably increase the liability potential in that Plaintiff now has five "chances" to demonstrate liability whereas previously there were two such "chances."[4] Importantly, however, Plaintiff's EEOC Charge pre-dates the original Complaint and Defendant's initial opportunity to remove the matter. Although Plaintiff's initial Complaint included only one federal-law-based claim, Defendant was aware of the pending EEOC Charge that raised several additional discrimination claims at the time it chose not to remove the initial Complaint.

---

[4] The court offers no opinion regarding the viability of any of Plaintiff's claims herein.

Defendant does not submit the fifth factor—intentional actions by Plaintiff to discourage timely removal—is at play here. Def.'s Mem. 5. Both the initial and Amended Complaints contain claims removable pursuant to the court's federal-question jurisdiction, making the sixth and final factor inapplicable to the analysis.

The court further notes that this case is, and has always been, an employment case raising claims arising from Plaintiff's termination. Adding the Title VII and ADA causes of action cannot be said to have changed the nature of the suit to give Defendant another opportunity to remove the matter. *See, e.g., Doe v. Fla. Int'l Univ. Bd. of Trustees,* 464 F. Supp. 2d 1259, 1262 (S.D. Fla. 2006) (remanding case when the plaintiff's original and amended complaint "contain the same essential allegation."); *Korzinski v. Jackson,* 326 F. Supp. 2d 704, 707 (E.D.N.C. 2004) (remanding case where plaintiff's new complaint "in substance was only a continuation of the previous action, without change"); *Turner v. Mine Safety Appliances Co.,* CIV.A. 01–0325, 2001 WL 456351 at *3 (E.D. La. Apr. 27, 2001) (concluding the "revival exception" did not apply when "the *core of the lawsuit* still [arose] from [decedent's] exposure to asbestos" even though parties were substituted, a defendant was added, and new claims were included in the amended complaint) (emphasis added); *Miller*, 1987 WL 46753, at *5 (remanding after considering factor analysis and noting the amended claims relied on the "same basic facts" contained in the original complaint and amendment "merely provide[d] additional bases for declaring [the adverse action] unlawful."). That Defendant was on notice of these additional federal-law-based claims in March 2014—before the initial suit was begun in state court—weighs any balancing decision well in favor of Plaintiff's arguments. Although the original Complaint included only one federal claim,

8

Defendant was aware that Plaintiff was in the process of exhausting administrative remedies as to other federal-law-based employment claims.[5]

Accordingly, based on the above analysis, the undersigned is of the opinion that Defendant, as removing party, has not satisfied its burden of demonstrating the propriety of removal. *Shamrock Oil & Gas,* 313 U.S. 108-09 ("In determining whether the removing party sustained its burden, the court must strictly construe the removal statute and resolve all doubts against removal."). Plaintiff's Motion to Remand should be granted.

III.    Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 9, be granted and this matter remanded to the Court of Common Pleas for Florence County.

IT IS SO RECOMMENDED.

July 1, 2015                                                                 Kaymani D. West
Florence, South Carolina                                         United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[5] Plaintiff notes he amended the Complaint after receiving a right-to-sue letter from the EEOC. Pl.'s Reply 2-3.